IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUELLA VAUGHN,

        Plaintiff,                              No. CIV S-11-0873 MCE CKD PS

       vs.

WELLS FARGO HOME
MORTGAGE et al.

        Defendants.                      FINDINGS AND RECOMMENDATIONS

                                  /

        This is an action to challenge foreclosure proceedings initiated with respect to plaintiff's real property. It was referred to the undersigned pursuant to E.D. Cal. L.R. 302(c)(21). Before the court are defendant Wells Fargo Home Mortgage's ("Wells Fargo") motion to dismiss and defendants CitiMortgage, Inc. ("CMI") and CR Title Services, Inc.'s ("CR Title") motion to dismiss and motion to strike.[1] (Dkt. Nos. 8, 16, 17.) Plaintiff filed an opposition and Wells Fargo filed a reply brief. On June 15, 2011, on the court's own motion, the motions were submitted without oral argument. (Dkt. No. 27.)

        Upon review of the documents in support of and in opposition to the motions, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

\\\

---

[1] Wells Fargo, CMI, and CR Title also filed alternative motions for a more definite statement pursuant to Fed. R. Civ. P. 12(e). (See Dkt. Nos. 8, 16.)

BACKGROUND

The facts are taken from plaintiff's complaint and records of which judicial notice may be taken.[2] On March 17, 2009, plaintiff borrowed $166,920 from Wells Fargo, secured by a deed of trust on her real property. The deed of trust named Wells Fargo as the lender and beneficiary, and Fidelity National Title Insurance Company ("Fidelity") as the trustee. That same day, Wells Fargo assigned its beneficial interest under plaintiff's deed of trust to CMI. On February 5, 2010, CR Title was substituted as the new trustee on the deed of trust.

Subsequently, on February 9, 2010, CR Title recorded a notice of default on plaintiff's property. According to plaintiff, she had mistakenly sent a May 2009 payment to Wells Fargo after Wells Fargo had already transferred its interest to CMI. The delays in crediting her account therefore caused the February 2010 notice of default to be recorded. After the misallocated payment issue was resolved, CR Title rescinded the February 3, 2010 notice of default on May 3, 2010.

Nevertheless, on May 17, 2010, plaintiff filed her first action against Wells Fargo, CMI, and CR Title in Sacramento County Superior Court, which was then removed to this court. (See 2:10-cv-1463-MCE-KJM.) In that action, plaintiff asserted claims for violation of the Truth in Lending Act ("TILA"), violation of the California Rosenthal Fair Debt Collection Practices

---

[2] On a motion to dismiss, review is generally limited to the contents of the complaint. Clegg v. Cult Awareness Network, 18 F.3d 752, 754 (9th Cir. 1994). However, exhibits attached to the complaint, as well as matters of which the court may take judicial notice, may be considered without converting the motion to one for summary judgment. Parks School of Business v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995); Mack v. South Bay Beer Distributors, Inc., 798 F.2d 1279, 1282 (9th Cir. 1986) (abrogated on other grounds). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Wells Fargo, CMI, and CR Title filed requests for judicial notice along with their motions, attaching various previous court filings/orders in plaintiff's prior action against these defendants and documents that have been recorded with the Sacramento County Recorder, such as the deed of trust and notices of default. (See Dkt. Nos. 9, 18.) These are public records whose accuracy cannot reasonably be questioned. Accordingly, the court will take judicial notice of Exhibits A-R attached to Wells Fargo's request for judicial notice ("WF RJN") and Exhibits 1-20 to CMI and CR Title's request for judicial notice ("CMI RJN").

Act, fraud, breach of the implied covenant of good faith and fair dealing, and unlawful and wrongful foreclosure. (WF RJN Ex. G.) In the course of that litigation, in addition to alleging various irregularities in the course of the loan origination, plaintiff contended that the defendants were prohibited from foreclosing on her property because they did not produce the original note and were not holders in due course. Plaintiff also claimed that her qualified written request demanding validation of the purported debt was not complied with. In opposing defendants' motions to dismiss, plaintiff further claimed that:

> Defendants have attempted to strong arm Plaintiff by concocting a scheme by which Wells Fargo Home Mortgage and CitiMortgage INC. allegedly lost Plaintiff's payment and then charging Plaintiff's attorneys fee and late fees in essences [sic] almost guaranteeing that Plaintiff would default. To further the scheme, CitiMortgage INC. held almost $3,000 of Plaintiff's payments to put her further behind. This illegal scheme by Defendants was an attempt to strong Armed [sic] Plaintiff into foreclosure and steal her property.

(WF RJN Ex. I.) On November 5, 2010, the court granted defendants' motions to dismiss without leave to amend and dismissed the first action with prejudice.

Subsequently, on February 23, 2011, CR Title recorded, and then rescinded, a second notice of default. Most recently, on March 7, 2011, CR Title recorded a third notice of default.

On April 1, 2011, plaintiff filed the instant action alleging claims for: (1) setting aside the foreclosure; (2) failure of consideration; (3) usury; (4) breach of contract; (5) ultra vires; (6) indefiniteness of contract; (7) unconscionability; (8) fraud; (9) cancellation; (10) following trust property into its product; and (11) civil RICO. Plaintiff's allegations center around various irregularities in the loan origination (primarily lending plaintiff "Negotiable Instruments" instead of "Legal Tender Dollars," failure of consideration, indefiniteness, and unconscionability), the fact that defendants do not possess the original note and are not holders in due course, non-compliance with her qualified written request demanding validation of the purported debt, and defendants' alleged scheme involving misallocation of plaintiff's 2009 payment.

DISCUSSION

In considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, the court must accept as true the allegations of the complaint in question, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

To avoid dismissal for failure to state a claim, a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief must have facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

Res Judicata

Defendants first contend that plaintiff's claims against them are barred by principles of res judicata. This argument has merit.

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" Taylor v. Sturgell, 553 U.S. 880, 892 (2008). Claim preclusion bars litigation in a subsequent action of "any claims that were raised or could have been raised in the prior action...The doctrine is applicable whenever there is "(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001). The Ninth Circuit has identified four factors that should be considered by a court in determining whether successive lawsuits involve the same claims: whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; whether

substantially the same evidence is presented in the two actions; whether the two suits involve infringement of the same right; and whether the two suits arise out of the same transactional nucleus of facts. See C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir. 1987). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." Owens, 244 F.3d at 714. "Issue preclusion, in contrast, bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." Taylor, 553 U.S. at 892.

      Here, plaintiff's claims are barred by the principles of issue preclusion and claim preclusion. Plaintiff, Wells Fargo, CMI, and CR Title were all parties to the first action, which was dismissed with prejudice. In the instant action, plaintiff attempts to litigate primarily the same issues already resolved in defendants' favor in the first action, including whether the loan is voidable based on various irregularities in the loan origination, whether possession of an original note and holder in due course status is a prerequisite to foreclosure, and whether the misallocation of plaintiff's 2009 payment gives rise to a claim. Although two new notices of default were recorded after the first action's dismissal, plaintiff alleges no irregularities with respect to these later notices. Instead, the complaint merely resurrects the same issues and arguments that were made in the first action. Issue preclusion plainly bars relitigation of such issues, regardless of whether they are technically couched in different causes of action. Furthermore, even though the instant action raises additional causes of action, those claims are all based on the same transactional nucleus of facts, i.e. facts related to the origination of the loan, the loan documents, and misallocation of plaintiff's 2009 payment. They involve substantially the same evidence and implicate infringement of the same rights. As such, they could have been raised in the first action and are now barred by claim preclusion.

\\\\

In sum, plaintiff's claims against Wells Fargo, CMI, and CR Title are precluded by principles of res judicata and should be dismissed with prejudice. Accordingly, it is unnecessary to consider defendants' further arguments relating to the merits of plaintiff's claims.

Additionally, the court also concludes that dismissal of the remaining defendants, Timothy Geithner (Secretary of the Treasury of the United States) and Eric Holder (U.S. Attorney General) is warranted. "A District Court may properly on its own motion dismiss an action as to defendants who have not moved to dismiss where such defendants are in a position similar to that of moving defendants or where claims against such defendants are integrally related." Silverton v. Dep't of Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981). "Such a dismissal may be made without notice where the [plaintiffs] cannot possibly win relief." Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir. 1987). The court's authority in this regard includes sua sponte dismissal as to defendants who have not been served and defendants who have not yet answered or appeared. Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery, 44 F.3d 800, 802 (9th Cir. 1995) ("We have upheld dismissal with prejudice in favor of a party which had not yet appeared, on the basis of facts presented by other defendants which had appeared."); see also Bach v. Mason, 190 F.R.D. 567, 571 (D. Idaho 1999); Ricotta v. California, 4 F. Supp. 2d 961, 978-79 (S.D. Cal. 1998).

Plaintiff alleges that Geithner and Holder were each sued as "an indispensable party under statute." (Dkt. No. 1, at p. 4.) Plaintiff further alleges that her claims against these defendants are related to the validity of the foreclosure proceedings:

> If any Defendant can uphold any valid claim upon Petitioner or Petitioner's property, it shall be fully discharged and the property returned by making proper claim under Federal Statute 46 USC 748 wherein the Secretary of the Treasury for the United States is authorized to pay claims and judgments and for the return of property under Federal Statute 50 App USC 7, 9 & 32 wherein the Attorney General of the United States is authorized to return property. These are statutory remedies, as the people's remedy, for claims and seizures under the fractional reserve fiat monetary system.

(Dkt. No. 1, at p. 23.) 46 U.S.C. § 748 does not exist and 50 App. U.S.C. §§ 7, 9, and 32 are part of the Trading with the Enemy Act, which has no application to this matter. Because Geithner and Holder have no involvement with the loan, deed of trust, or foreclosure proceedings on plaintiff's real property, plaintiff's claims against these defendants are clearly frivolous and should be dismissed with prejudice.

For the reasons outlined above, IT IS HEREBY RECOMMENDED that:

1. Wells Fargo's motion to dismiss (dkt. no. 8) be granted without leave to amend.

2. CMI and CR Title's motion to dismiss (dkt. no. 16) be granted without leave to amend.

3. CMI and CR Title's motion to strike (dkt. no. 17) be denied as moot.

4. The action be dismissed with prejudice and the case closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 24, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

5
Vaughn.873.mtd.fr.wpd